UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 00-07-KSF
(Civil Action No. 05-308-KSF)

UNITED STATES OF AMERICA                                           PLAINTIFF

vs.                                    **OPINION AND ORDER**

ANTONIO G. SMITH, SR.                                              DEFENDANT

* * * * * * * *

On July 20, 2005, Defendant Smith filed a pro se motion [DE #277] pursuant to 28 U.S.C.

§ 2255 to vacate, set aside or correct his sentence imposed on June 23, 2000 following a jury trial.

Smith appealed his conviction, and the Sixth Circuit Court of Appeals affirmed.  *See United States*

*v. Elton J. Carter, et al.,* 45 Fed. Appx. 339 (6th Cir. 2002).  The judgment became final December

9, 2002.  Consistent with local practice, this matter was referred to the United States Magistrate

Judge pursuant to 28 U.S.C. § 636(b).  On April 17, 2007, the Magistrate Judge filed his Proposed

Findings of Fact and Recommendation [DE #288] that the Motion be denied on the ground that it

is time barred.  The Magistrate Judge's Order advised Smith that he had ten days in which to file

objections to the recommendation.  Mail to Smith at the address provided in his motion to vacate

was returned as undeliverable.  Accordingly, no objections have been filed.

Although this Court must make a *de novo* determination of the portions of the report and

recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that

Congress intended to require district court review of a magistrate's factual or legal conclusions,

under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985).  Additionally, a party who fails to object to a Magistrate Judge's

proposed findings of fact and recommendation waives the right to appeal.  *See Wright v. Holbrook*,

794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, the Court, having examined the record and

having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

Inasmuch as Smith's conviction became final on December 9, 2002, and his § 2255 motion was not filed until July 20, 2005, his motion is generally time-barred.  To the extent that Smith grounds a claim on the decision in *United States v. Booker*, 543 U.S. 220 (2005), that claim would be timely in that paragraph (3) of § 2255 would give him one year from the date of the decision to file his motion.  However, the Magistrate Judge concluded that the *Booker* decision was a "new rule" of criminal procedure that does not apply retroactively to cases that became final prior to the decision.  Accordingly, it would not apply retroactively to Smith's conviction and sentence.  The Sixth Circuit Court of Appeals just reached the same conclusion in *Valentine v. United States*, Nos. 04-2116, 05-1877, (6th Cir. May 14, 2007) in which it said:  "We hold that petitioners whose convictions became final prior to *Booker* may not rely on *Booker's* rule on collateral review." (Slip Opinion, p. 5).  Thus, Smith's claim on this ground fails as well.

In determining whether a certificate of appealability should issue as to Smith's claims, the court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000) for guidance:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484.  In the present case, the Court determines that Smith has not presented a close call or one which is "debatable."  Therefore, a certificate of appealability will not issue.

Accordingly, it is ORDERED as follows:

1.    The Magistrate Judge's Report and Recommendation [DE #288] IS ADOPTED and INCORPORATED by reference;

2.    Defendant Smith's Motion is DENIED and DISMISSED with prejudice;

3.      A Certificate of Appealability shall not issue because the Defendant has not made

a substantial showing of the denial of any substantive constitutional right; and

4.      Judgment will be entered contemporaneously with this opinion and order in favor

of the United States.

This May 15, 2007.

**Signed By:**

_**Karl S. Forester**_   K S F

**United States Senior Judge**